UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

2008 AUG 21  A 9:32

| | |
|---|---|
| Shango Damballah, # 137525, <br> aka or fka Harold S. Mosley, <br><br> Plaintiff, <br><br> vs. <br><br> Gwendolyn A. Bright, Director of Parole Board Support Services; <br> James A. Williams, Chairman of Parole Board; <br> Orton Bellamy, Vice-Chair of Parole Board; <br> Marlene McClain, Secretary of Parole Board; <br> Dwayne M. Green, Member of Parole Board; <br> Jim Gordon, Member of Parole Board; <br> John McCarroll, Member of Parole Board; <br> C. David, Member of Parole Board, *sued in their official capacities for declaratory and injunctive relief*; and <br> South Carolina Department of Probation, Parole and Pardon Services, *sued for declaratory and injunctive relief*, <br><br> Defendants. | C/A No. 2:08-2867-HMH-RSC <br><br><br> **Report and Recommendation** |

## Background of this Case

The plaintiff is an inmate at the Evans Correctional Institution of the South Carolina Department of Corrections. The South Carolina Department of Corrections website (www.doc.sc.gov) indicates that the plaintiff is serving a sentence of forty-five

1

(45) years for armed robbery. The plaintiff's conviction was entered in the Court of General Sessions for Charleston County in 1986. The plaintiff[1] has brought suit against members of the South Carolina Parole Board, an employee of the South Carolina Department of Probation, Parole & Pardon Services, and the South Carolina Department of Probation, Parole & Pardon Services.

This civil rights action arises out of the rescission of the plaintiff's parole. The plaintiff had been granted conditional parole by the South Carolina Parole Board on September 5, 2007, with three conditions, one of which was a favorable psychological examination. The plaintiff was examined on October 5, 2007, by a psychologist (Dr. Rice), who gave the plaintiff an "unfavorable" examination result. The results were transmitted to the Parole Board. On November 7, 2007, the Parole Board rescinded the conditional parole. On the following day, the Parole Board apprised the plaintiff, by letter, that his conditional parole had been rescinded.

The plaintiff objects to the Parole Board's decision, which was made without the plaintiff being present to cross-examine or rebut the unfavorable psychological report. The plaintiff also contends that the "Defendants owed Plaintiff a duty of care and

---

[1] Appended to the complaint is an exhibit (Entry No. 1-2) indicating that the plaintiff legally changed his name to Shango Damballah on June 6, 1994, pursuant to an Order issued by the Honorable James F. Lee, South Carolina Family Court Judge, in Case No. 94-DR-34-462.

2

rehabilitation so discovered within Plaintiff by Dr. Rice pursuant to S.C. Const. Art. XII §2 and S.C. Code of Laws (1976) §§24-23-20 and 243-23-30." The plaintiff also states that the defendants have acted with negligence and deliberate indifference to the plaintiff's rights, have denied the plaintiff equal protection and due process, and have violated the *Ex Post Facto* Clause. In his prayer for relief, the plaintiff seeks "appropriate" declaratory and injunctive relief, attorney's fees and costs, and other further relief deemed appropriate by the court on the plaintiff's supplemental state law claims.

## *Discussion*

Under established local procedure in this judicial district, a careful review[2] has been made of the *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-325 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951 (4th Cir. 1995)(en banc); *Todd v.*

---

[2] Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (DSC), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the District Court.

3

*Baskerville*, 712 F.2d 70 (4th Cir. 1983); *Boyce v. Alizaduh*, 595 F.2d 948 (4th Cir. 1979) (recognizing the district court's authority to conduct an initial screening of any *pro se* filing);[3] *Loe v. Armistead*, 582 F.2d 1291 (4th Cir. 1978); and *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, ___ U.S. ___, 75 U.S.L.W. 3643, 167 L.Ed.2d 1081, 127 S.Ct. 2197 (2007)(*per curiam*); *Hughes v. Rowe*, 449 U.S. 5, 9-10 & n. 7 (1980)(*per curiam*); and *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2nd Cir. 1975). Even under this less stringent standard, the § 1983 complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir. 1990).

---

[3]*Boyce* has been held by some authorities to have been abrogated in part, on other grounds, by *Neitzke v. Williams*, 490 U.S. 319 (1989) (insofar as *Neitzke* establishes that a complaint that fails to state a claim, under Federal Rule of Civil Procedure 12(b)(6), does not by definition merit *sua sponte* dismissal under 28 U.S.C. § 1915(e)(2)(B)(i) [formerly 28 U.S.C. § 1915(d)], as "frivolous").

4

The plaintiff is not entitled to release from prison on parole. A state inmate has no constitutional right to parole. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Federal courts must allow state parole authorities wide discretion. *Franklin v. Shields*, 569 F.2d 784, 800 (4th Cir.1977). Even if a parole statute creates a liberty interest, an inmate is entitled to only minimal procedure — at most, a statement of reasons for the denial of parole. *Vann v. Angelone*, 73 F.3d 519, 522 (4th Cir.1996). A federal court must not involve itself in the merits of either the state's parole statute or its individual parole decisions. *Id.*

The plaintiff received the reasons for the rescission of his conditional parole. *See* Complaint (Entry No. 1), at page 4, ¶ 18 (indicating that the reasons for rescission were: prior criminal record indicates poor community adjustment; failure to successfully complete a community supervision program; and institutional record is unfavorable). Under *Vann v. Angelone*, the plaintiff received the notice or reasons to which he is constitutionally entitled.

The plaintiff's attention is directed to the partially-superannuated decision of the United States Court of Appeals for the Fourth Circuit in *Roller v. Cavanaugh*, 984 F.2d 120 (4th Cir.), *cert. granted, Cavanaugh v. Roller*, 509 U.S. 939 (1993), *cert. dismissed as improvidently granted*, 510 U.S. 42 (1993). Although the *Roller v. Cavanaugh* holding on the frequency of parole reviews

has been overruled,[4] even the Court in *Roller v. Cavanaugh* noted that the prisoner litigant was not entitled to parole as a matter of right:

> Our decision does not, of course, require or even suggest that Roller be paroled. South Carolina need never parole him, so long as it considers the question every year.

*Roller v. Cavanaugh*, 984 F.2d at 124.

Moreover, the individual members of the South Carolina Parole Board — which would include its members, Chairperson, Vice-Chairperson, and Secretary — are entitled to summary dismissal. Applicable case law indicates that the members of the Parole Board are entitled to *quasi* judicial immunity from suit. *See, e.g., Sellars v. Procunier*, 641 F.2d 1295, 1302-1304 (9th Cir. 1981); and *Threat v. Russi*, 784 F. Supp. 65, 67 (W.D.N.Y. 1992).

Since the plaintiff's federal civil rights claims in the above-captioned case are subject to summary dismissal, the plaintiff's various supplemental state law claims should be dismissed *without prejudice* pursuant to the holding in *United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).

The plaintiff is not entitled to attorney's fees in this civil rights action. A *pro se* litigant, even if he or she is an

---

[4]*California Department of Corrections v. Morales*, 514 U.S. 499 (1995). *See also Roller v. Gunn*, 932 F. Supp. 729 (D.S.C. 1996), *affirmed*, 107 F.3d 227 (4th Cir. 1997).

6

attorney, cannot receive attorney's fees in a civil rights action. *See, e.g., Kay v. Ehrler*, 499 U.S. 432, 435 (1991).

## *Recommendation*

Accordingly, it is recommended that the District Court dismiss the above-captioned case *without prejudice* and without issuance and service of process. *See Denton v. Hernandez; Neitzke v. Williams; Brown v. Briscoe*, 998 F.2d 201, 202-204 (4th Cir. 1993); 28 U.S.C. § 1915(e)(2)(B) [essentially a redesignation of "old" § 1915(d)]; and 28 U.S.C. § 1915A [as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal]. The plaintiff's attention is directed to the Notice on the next page.

August 2̲0̲, 2008  
Charleston, South Carolina

Robert S. Carr  
United States Magistrate Judge

7

## Notice of Right to File Objections to Report and Recommendation

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Court Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** In the absence of a timely filed objection, a district court judge need not conduct a *de novo* review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

**Larry W. Propes, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in a waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); and *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

8