IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Shango Damballah, #137525, ) | |
| aka or fka Harold S. Mosley, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 2:08-2867-HMH-RSC |
| ) | |
| vs. ) | **OPINION & ORDER** |
| ) | |
| Gwendolyn A. Bright, Director of Parole ) | |
| Board Support Services; ) | |
| James A. Williams, Chairman of Parole ) | |
| Board; Orton Bellamy, ) | |
| Vice-Chair of Parole Board; Marlene ) | |
| McClain, Secretary of Parole Board; ) | |
| Dwayne M. Green, ) | |
| Member of Parole Board; ) | |
| Jim Gordon, Member of Parole Board; ) | |
| John McCarroll, Member of Parole Board; ) | |
| J.P. Hodges, Member of Parole Board; ) | |
| C. David, Member of Parole Board, ) | |
| sued in their official capacities for ) | |
| declaratory and injunctive relief; ) | |
| and South Carolina Department of ) | |
| Probation, Parole and Pardon ) | |
| Services, sued for declaratory ) | |
| and injunctive relief, ) | |
| ) | |
| Defendants. ) | |

    This matter is before the court with the Report and Recommendation of United States Magistrate Judge Robert S. Carr, made in accordance with 28 U.S.C. § 636(b)(1) (2006) and Local Civil Rule 73.02 of the District of South Carolina.[1]  Shango Damballah ("Damballah"), a

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976).  The court is charged with making a de novo determination of those portions of the Report and Recommendation to which specific objection is made.  The court may

state prisoner proceeding pro se, alleges various violations to his civil rights under 42 U.S.C. § 1983. In his Report and Recommendation, Magistrate Judge Carr recommends dismissing the case.

Damballah filed objections to the Report and Recommendation. Objections to the Report and Recommendation must be specific. Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge. See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984). In the absence of specific objections to the Report and Recommendation of the magistrate judge, this court is not required to give any explanation for adopting the recommendation. See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

After review, however, the court finds that many of Damballah's objections are non-specific, unrelated to the dispositive portions of Magistrate Judge Carr's Report and Recommendation, and merely restate his claims. However, the court was able to glean two specific objections to the Report and Recommendation. First, Damballah argues that the parole board's decision to rescind his parole was unconstitutional. Specifically, Damballah alleges that because the statutory language is couched in mandatory terms, the parole board was required to release him once he was granted parole. (Objections 1-7.) S.C. Code Ann. § 24-21-650 provides:

> The board shall issue an order authorizing the parole which must be signed by at least a majority of its members with terms and conditions, if any, but at least two-thirds of the members of the board must sign orders authorizing parole for

---

accept, reject, or modify, in whole or in part, the recommendation made by the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1) (2006).

2

>persons convicted of a violent crime as defined in Section 16-1-60. The director, or one lawfully acting for him, then must issue a parole order which, if accepted by the prisoner, provides for his release from custody. Upon a negative determination of parole, prisoners in confinement for a violent crime as defined in Section 16-1-60 must have their cases reviewed every two years for the purpose of a determination of parole.

Damballah has no constitutional right to parole. Greenholtz v. Inmates of Nebraska Penal & Corr. Complex, 442 U.S. 1, 7 (1979). Further, in Jago v. Van Curen, the Supreme Court held that a protected liberty interest does not arise even when a parole board adopts a specific parole date. Until a prisoner has actually been released, parole may still be rescinded without violating the prisoner's constitutional rights. 454 U.S. 14, 14-21 (1981).

Damballah was granted a conditional parole on September 5, 2007. The parole order was rescinded after reconsideration on November 7, 2007, because "Prior Criminal Record indicates Poor Community Adjustment," "Failure to Successfully Complete a Community Supervision Program," and an unfavorable institutional record. (Objections Ex. 3 (Letter Rescinding Parole).) During this time, Damballah was never released from the custody of the State of South Carolina. Therefore, the Defendants were not required to release Damballah from custody after execution of the parole order.

At most, Damballah was only entitled to minimal due process, which is a statement of the reasons for the denial of parole. Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996). Damballah received a statement of the reasons his conditional parole was rescinded. Based on the foregoing, this objection is without merit.

Second, Damballah objects to the magistrate judge's recommendation to dismiss the individual members of the Parole Board on the basis of quasi-judicial immunity arguing that the

parole board members abused their discretion.  (Objections 7-11.)  This argument fails for the reasons set forth above.  Therefore, after a thorough review of the Report and the record in this case, the court adopts the magistrate judge's Report and Recommendation.

Therefore, it is

**ORDERED** that this case is dismissed without prejudice and without issuance and service of process.

**IT IS SO ORDERED**.

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
September 8, 2008

### NOTICE OF RIGHT TO APPEAL

The Plaintiff is hereby notified that he has the right to appeal this order within thirty (30) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.